*Formatted for Electronic Distribution*                                                                                                      *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
September 7, 2012

In re:

    **Thomas W. Williams, Jr.**
    **and Zoe Williams,**                                                                              Chapter 13 Case
            **Debtors.**                                                                                       # 11-10336

| *Appearances:* | Jennifer Emens-Butler, Esq. | David Edwards, Esq. | Robert DiPalma, Esq. |
|---|---|---|---|
| | Obuchowski & Emens-Butler | Lobe & Fortin, PLC | Paul Frank + Collins P.C. |
| | Bethel, Vt | Burlington, Vt | Burlington, Vt |
| | For the Debtors | For GMAC | For Peoples United Bank |

## ORDER
### GRANTING MOTIONS FOR RELIEF FROM STAY

    The Debtors filed the instant chapter 13 case on April 13, 2011 (doc. # 1). The Debtors' proposed reorganization provided that they would retain that portion of their real property upon which their residence was located, sell the portion of their real property on which a commercial building was located (the "barn parcel"), and promptly obtain the required subdivision approval from the town of Charlotte. The secured creditors whose claims were secured by the subject real property, GMAC and Peoples United Bank (the "Secured Creditors") filed objections (doc. ## 17, 29, 30, 56, 58) to the Debtors' plan and amended plans (doc. ## 10, 52, 64, 66) based upon feasibility, valuation, and the Debtors' failure to take the necessary steps to obtain subdivision approval. After several hearings, scheduling orders, and amended plans, the Debtors and Secured Creditors consented to the terms of an amended plan and it was confirmed on February 6, 2012 (doc. # 70). The confirmed plan was the product of protracted negotiations by expert bankruptcy counsel and was presented as a consensual plan. The Court had the impression that the plan reflected a balanced compromise: it gave the Debtors a reasonable period of time to complete a subdivision and sell part of the property, required the Debtors to satisfy the Secured Creditors' claims more quickly and fully than would be likely in a foreclosure action, allowed the Debtors an opportunity to retain property that had been in their family for generations, and included protection for the creditors most at risk in the event the Debtors did not perform under the negotiated, confirmed plan. It was clear that the Debtors were undertaking a significant challenge in agreeing to fulfill the terms of the confirmed plan, but it appeared very possible that they would succeed and that it was by far their best option given their significant mortgage debt and overall financial circumstances.

Unfortunately, the fragile balance reached in the confirmed plan was abruptly upset when the Debtors' property caught fire at the end of May 2012 (see doc. # 77, ¶ 1). In their opposition to relief from stay (doc. # 77), the Debtors describe the impact of the fire on the two of them, their young family, and their ability to focus on the plan, and ask this Court to give them the opportunity to propose a new plan as a result of the fire. The Secured Creditors, though sympathetic, urge the Court to hold the Debtors to their promises since the Secured Creditors have held up their end of the agreements they made with the Debtors. They seek relief from stay to proceed with foreclosure in state court (doc. ## 74, 78).

At the hearing held on August 28, 2012, the Secured Creditors and the Debtors presented their arguments in support of and opposition to the motions for relief from stay. They also indicated they were continuing to attempt to negotiate a consensual resolution based upon the availability of fire insurance proceeds, and requested that the Court defer ruling on the motions for relief from stay until September 7th and that the Court rule that day without requiring further argument. The Court granted the parties' request. The Secured Creditors indicated that they would withdraw their relief from stay motions, or request a further delay in the entry of an order on those motions, in the event the Secured Creditors were able to reach a settlement with the Debtors with respect to the terms of a further amended plan.

*The Motion for Relief from Stay filed by Peoples United Bank*

In considering the Peoples United Bank's motion for relief from stay (doc. # 74), the Court relies upon the record in this case, the language of § 362(d), and controlling legal principles. The confirmed plan required the Debtors to complete the subdivision of their property by January 31, 2012 and to enter into a confidential marketing agreement with Peoples United Bank and GMAC to ensure sale of the barn parcel by September 1, 2012. Additionally, in the confirmed plan the Debtors specifically consented to partial relief from stay in favor of Peoples United Bank if the Debtors did not have a contract for the sale of the barn parcel by July 15, 2012, and consented to absolute and immediate relief from stay in favor of Peoples United Bank if the Debtors did not close on the sale of the barn parcel by September 1, 2012.

There is no question either that the fire was a horrendous tragedy or that the Debtors' response to the instant motion for relief from stay evidences a valiant commitment on the Debtors' part to proceed with their chapter 13 case for the benefit of all of their creditors, with special focus on the claims of the Secured Creditors. However, the confirmation order is binding on all parties, see 11 U.S.C. § 1327(a), United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010), including the Debtors. The Debtors are also bound by the terms of the agreements they made with the Secured Creditors, as referenced in the confirmation order. The fire did not occur until May 2012. That event cannot exonerate the Debtors from

2

failing to obtain subdivision approval by January, from failing to enter into a collaborative marketing plan last fall, or from failing to communicate with the Secured Creditors about the status of their efforts and their need for additional time. The Debtors have reaped the benefits of the stay, retaining possession and occupancy of their property, and repaying their creditors according to the terms they formulated. The quid pro quo for this – and the bargain they made and their Secured Creditors relied upon – is that they would perform their duties under the confirmed plan. They have not done so.

Peoples United Bank has demonstrated cause for partial relief from stay based upon the Debtors' undisputed failure to obtain a purchase contract for the barn parcel by July 15th as required in the confirmed plan, as well as for immediate and absolute relief from stay since the Debtors failed to obtain a sale contract that closed by September 1st (see doc. # 66, p. 7; doc. # 70, ¶ 25). The Debtors negotiated these two deadlines in the confirmed plan and must now be held to the terms of their bargain.

### *The Motion for Relief from Stay filed by GMAC*

GMAC is likewise entitled to relief from stay based upon the terms of the confirmed plan. In the confirmed plan, the Debtors consented to immediate relief from stay in favor of GMAC if the Debtors did not close on the sale of the barn parcel by September 1, 2012 (see doc. # 66, p. 7; doc. # 70, ¶ 25). For the reasons set forth above, the Debtors' failure to comply with this obligation constitutes cause for relief from stay under 11 U.S.C. § 362(d).

### *Post-Hearing Filings*

On September 6, 2012, the Debtors filed a motion to modify the confirmed plan (doc. ## 80, 81). In essence, the new amended plan proposes to use the insurance proceeds to pay GMAC in full by October 15th, to use the net remaining proceeds to reduce the Peoples United Bank's secured claims, to further reduce the Peoples United Bank secured claims by turnover of all proceeds related to the loss of personal property, and to amortize the remaining balance due to Peoples United Bank over 30 years at 5% interest. Neither Peoples United Bank nor GMAC have consented to the motion to modify the plan or to the amended plan. Without the consent of the Secured Creditors (whose treatment is changed by this amended plan) and in light of the fact that the Secured Creditors have not withdrawn their motions for relief from stay, the Court must rule on the instant motions based upon whether the secured creditors have demonstrated cause for relief under § 362(d).

*Conclusion*

The Court finds that Peoples United Bank and GMAC have both demonstrated cause for relief from stay pursuant to 11 U.S.C. § 362(d) and the terms of the confirmation order.

Therefore, IT IS HEREBY ORDERED that

1. the motion for relief from stay filed by Peoples United Bank (doc. # 74) is granted,

2. the Debtors' objection to that motion (doc. # 77) is overruled, and

3. the motion for relief from stay filed by GMAC (doc # 78) is granted.

SO ORDERED.

September 7, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge